# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MARY ANN HATFIELD**
**WIDOW OF JESSIE J. HATFIELD JR.,**
**Claimant Below, Petitioner**

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0281** (BOR Appeal No. 2050759)
                            (Claim No. 2013007425)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**S & J MINING COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Mary Ann Hatfield, widow of Jessie J. Hatfield Jr., by Robert M. Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Noah A. Barnes, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 23, 2016, in which the Board affirmed an August 19, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 11, 2013, decision denying a request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hatfield, a coal miner for over fifteen years, passed away on August 9, 2011. The death certificate lists the cause of death as congestive heart failure and atherosclerotic heart disease. His widow filed an application for dependent's benefits alleging Mr. Hatfield died as a result of an occupational injury. It was noted that on June 24, 1986, the Occupational Pneumoconiosis Board found sufficient evidence to justify a diagnosis of occupational pneumoconiosis with no pulmonary functional impairment attributable to the disease.

A medical record dated January 8, 2000, indicated that Mr. Hatfield underwent a coronary artery bypass graft performed by Kourosh Ghalili, M.D. Mr. Hatfield was primarily diagnosed with coronary artery disease. Secondary diagnoses included chronic obstructive pulmonary disease and congestive heart failure. Over ten years later, a chest x-ray taken on July 27, 2010, revealed that Mr. Hatfield developed cardiomegaly with congestive heart failure and bilateral pleural effusion. The report noted that Mr. Hatfield smoked two to three packs of cigarettes a day since the age of twelve.

Mr. Hatfield was hospitalized eight times from July 27, 2010, through August 9, 2011, when he passed away. Each time was related to his diagnosis of congestive heart failure. On March 25, 2011, Mr. Hatfield underwent a procedure for implantation of a pacemaker. Medical records show his lungs became increasingly opacified and the density of his bilateral pleural effusions increased. Mr. Hatfield continued to deteriorate until his death. After his death, James Dennis, M.D., performed an autopsy on August 10, 2011. Dr. Dennis concluded Mr. Hatfield died as a result of occupational pneumoconiosis with complications by the presence of macular development measuring greater than one centimeter, indicative of progressive massive fibrosis.

The Occupational Pneumoconiosis Board conducted a review of the record and on May 21, 2013, determined that occupational pneumoconiosis was not a material contributing factor in Mr. Hatfield's death. The claims administrator denied Mrs. Hatfield's application for dependent's benefits on July 11, 2013.

Two record reviews were performed to determine whether Mr. Hatfield's diagnosis of occupational pneumoconiosis contributed to his death. Dominic Gaziano, M.D., performed a review on April 6, 2014, and determined that Mr. Hatfield died as a result of primarily congestive heart failure and cardiomyopathy. However, Dr. Gaziano believed the autopsy demonstrated that there was complicated pneumoconiosis present and that it was a significant contributory factor in Mr. Hatfield's death. On November 11, 2014, Gregory Fino, M.D., performed a record review. Dr. Fino found that occupational pneumoconiosis was not a material contributing factor to Mr. Hatfield's death.

The Occupational Pneumoconiosis Board held a hearing on June 3, 2015. Three doctors testified on behalf of the Occupational Pneumoconiosis Board. John Willis, M.D., reviewed the medical record and noted that while he did not disagree with a diagnosis of simple occupational pneumoconiosis, there was nothing present to suggest complicated occupational

pneumoconiosis. Jack Kinder, M.D., testified that there was no correlation present between the autopsy findings and Mr. Hatfield's most recent CT scans. A CT scan performed on Mr. Hatfield should have shown progressive massive fibrosis as listed in the autopsy, but it did not. He noted that Mr. Hatfield was hospitalized numerous times because of his congestive heart failure and that diagnosis was listed on his death certificate. He also did not believe occupational pneumoconiosis was a contributing factor to Mr. Hatfield's death. Finally, John Henry, M.D., testified that he agreed with the opinions and conclusions of both Dr. Willis and Dr. Kinder.

The Office of Judges affirmed the claims administrator's Order denying dependent's benefits on August 19, 2015. The Office of Judges found that the findings of Dr. Willis and Dr. Kinder were persuasive. Dr. Willis reviewed the medical evidence and stated he did not disagree with a diagnosis of simple pneumoconiosis but did disagree with a finding of massive pulmonary fibrosis. Dr. Willis noted bilateral pleural fusions which he attributed to either congestive heart failure or bilateral pneumonia. Dr. Kinder also disagreed with a diagnosis of massive fibrosis and opined it should have been noted in the CT scan one year prior to Mr. Hatfield's death. Dr. Kinder believed the discharge diagnoses of renal failure, breathing problems, and congestive heart failure correlated with the medical evidence. The Office of Judges reviewed the testimonies of Dr. Willis and Dr. Kinder and concluded the medical evidence of record was reliable, probative, and sufficient to support a finding that occupational pneumoconiosis was not a contributing factor to Mr. Hatfield's death. The Board of Review affirmed the Office of Judges' Order on February 23, 2016.

We agree with the conclusion reached by the Office of Judges as affirmed by the Board of Review. Mr. Hatfield had a significant history of congestive heart failure, for which he was hospitalized multiple times in the year leading up to his death. Mrs. Hatfield failed to show a causal connection between his diagnosis of simple occupational pneumoconiosis and his death.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3